# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARIA KAPENDA,**

      **Plaintiff,**

   v.                                **Civil Action No. 2:18-cv-593**
                                       **Judge Michael H. Watson**
                                       **Magistrate Judge Jolson**

**KENNETH L. PARKER,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On December 15, 2017, Plaintiff Maria Kapenda filed a "Complaint to Enforce Administrative Child Support Order And To Find Obligor in Contempt and/or Liquidate Arrearages" against Defendant Kenneth L. Parker in the Franklin County Court of Common Pleas. (Doc. 2). In the Complaint, Plaintiff argues that Defendant "has failed to pay [child support] as ordered, and has a child support arrearage as of October 31, 2017, of $2452.71 and a cash medical arrerage of $529.01 for a total of 2,981.71 plus processing charge." (*Id.* at 1). On June 14, 2018, Defendant removed the action to this Court. (Doc. 1).

Upon review, Defendant did not appear to allege any basis for subject matter jurisdiction in his Notice of Removal. (Doc. 1). Consequently, the undersigned ordered Defendant to show cause for why this action should not be remanded back to state court for lack of subject matter jurisdiction. *See Franzel v. Kerr Mfg. Co*., 959 F.2d 628, 630 (6th Cir. 1992) (stating that subject matter jurisdiction can be raised at any time, by any party or *sua sponte* by the court).

On August 2, 2008, Defendant filed what appears to be his response to the Show Cause Order, although he stated that he was filing "this brief in support of his complaint, i.e. claim to

appeal the decision of remandment by magistrate Kimberly A. Jolson." (Doc. 7 at 2). In his "response," Defendant declares that he is "a Moor Aboriginal Indigenous American National" and "Jurisdiction of this court is invoked under The Zodiac Constitution A©AA222141 *I* Library of Congress, Washington, District of Columbia, Constitution *I* Treaty and laws of the United States Republic as follows: Zodiac Constitution, Article 4 he Moors, Ela€™s Beya€™s and Alia€™s[.]" (*Id.* at 2–3). Defendant also appears to allege various violations of his rights under the U.S. constitution that do not relate to the underlying child support matter. (*See id.* at 3–5). Defendant does not, however, allege any basis for federal jurisdiction as to Plaintiff's Complaint.

As was previously noted, "a defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996). The removing party has the burden of establishing that original federal jurisdiction exists. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). If it appears that the federal district court to which a case was removed lacks subject matter jurisdiction, the case must be remanded. *See, e.g.*, *Woodworth v. Time Warner Cable, Inc.*, No. 1:15 CV 1685, 2015 WL 6742085, at *1 (N.D. Ohio Nov. 2, 2015) ("Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction.").

Here, it appears that this removed action lacks subject matter jurisdiction. Further, because Defendant's filings are difficult to decipher, remand is the most appropriate action. *Beavers v. DePuy Orthopaedics, Inc.*, No. 1:11 DP 20275, 2012 WL 1945603, at *1 (N.D. Ohio May 30, 2012) ("In light of federalism and comity concerns, federal courts must strictly construe removal jurisdiction and resolve all doubts in favor of remand." (citing *Shamrock Oil & Gas Corp. v.*

*Sheets*, 313 U.S. 100, 108–09 (1941)). Accordingly, it is **RECOMMENDED** that this case be **REMANDED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date: August 3, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE